[No. 6385.]

CHARLES v. KLINGSTEIN.

1. Broker—Right to Commissions—One who employs another to find a purchaser for a stock of merchandise, and the business, is liable for services rendered pursuant to such employment, resulting in a sale to the purchaser produced by the broker, though the negotiation is concluded by the seller himself.—(408)

The evidence examined and held to establish an employment of the plaintiff.—(408)

2. Nonsuit—New Trial—Where, upon the undisputed evidence, the plaintiff is entitled to recover, an involuntary nonsuit will be set aside.—(408)

*Error to Denver District Court*—Hon. GREELEY W. WHITFORD, Judge.

Mr. THEODORE H. THOMAS for plaintiff in error.

No appearance for defendants in error.

Plaintiff in error brought suit against defendants in error to recover commissions for procuring a purchaser for the defendants' business. The testimony on behalf of the plaintiff was to the effect that he went into Klingstein's place to sell him goods; that Klingstein said he would not buy any more; that he was going to sell out; that if he could not sell out in any other way, he would close out; that he said to Klingstein: "I will find you a buyer. How much do you want?" That Klingstein asked him if he had a purchaser; that he answered no, but that he could find one. Klingstein asked him what commission he wanted, to which he replied, "Five hundred dollars." Klingstein said that was too much; that he would give three hundred dollars. Klingstein finally said: "Go ahead, and see what you can do." That he then told him he thought a sale might be made to a Mr. Schwartz; that he then talked with Mr. Schwartz, and later informed Klingstein that he would arrange a meeting between him and Schwartz for some time that evening; that Klingstein said he did not know that he could meet Schwartz at that time, and asked if it would be. all right for him to call Schwartz up and arrange for a meeting, to which he, the plaintiff, assented, and that he then went to Schwartz and related this conversation. He further testified that Klingstein after-

wards told him he met Schwartz by appointment, and sold to him.

Schwartz testified that plaintiff talked to him about purchasing the business of the defendants, and told him that he had arranged with Klingstein to call him up by 'phone; that Klingstein did so, and arranged to meet him at his store; that they met that evening, and entered into negotiations which finally culminated, within two or three days later, in a purchase of the business of the defendants for about ten thousand dollars.

Klingstein testified that he met Schwartz by appointment and sold their business to him for something like nine thousand seven hundred dollars. He did not deny that he had employed the plaintiff to procure a purchaser. Plaintiff also introduced testimony to prove the value of his services. None of the evidence to which we have referred was controverted. The case was on trial before a jury, and, at the conclusion of the testimony, the court, on the motion of the defendants, entered a judgment of nonsuit. Plaintiff has brought the case here for review on error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The evidence establishes, without dispute, that plaintiff was employed by the defendants to procure a purchaser for their business; and that, pursuant to such employment, he procured a party with whom the defendants entered into negotiations and to whom they sold. These facts entitle the plaintiff to a commission.

The judgment of the district court is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.